## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON JAMES AYRES** | : | **CIVIL ACTION NO. 1:11-CV-0499** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT KENNETH R. CAMERON,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Petitioner Clinton James Ayres ("petitioner"), a state inmate incarcerated at the State Correctional Institution at Cresson (SCI Cresson), Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on March 16, 2011, challenging his Court of Common Pleas of Bradford County, Pennsylvania, January 4, 2007 convictions for corruption of minors (Docket No. CP-08-CR-0000355-2006) and resisting arrest (PA Criminal Docket No. Docket No. CP-08-CR-0000363-2006).  (Doc. 1.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte*

raise AEDPA's one year statute of limitations, provided that the petitioner is

provided with notice and an opportunity to respond).  On March 30, 2011, the

parties were notified that the petition appeared to be untimely and respondent was

directed to file a response concerning the timeliness of the petition and any

applicable statutory and/or equitable tolling of the AEDPA statute of limitations

and petitioner was afforded the opportunity to file a reply.  (Doc. 4.)  On April 13,

2011, respondent filed an answer (Doc. 5) and, on May 2, 2011, petitioner filed a

traverse (Doc. 7).  In accordance with an Order of Court, respondent filed a

supplemental response on July 12, 2011, to include any and all Court of Common

Pleas of Bradford County, Superior Court of Pennsylvania, and Supreme Court of

Pennsylvania orders and opinions relating to the petitioner's PCRA proceedings

initiated in Court of Common Pleas of Bradford County criminal cases bearing

docket numbers CP-08-CR-0000355-2006 and CP-08-CR-0000363-2006.  (Doc. 9.)  For

the reasons set forth below, the petition will be dismissed as untimely.

I.     **Background**

        In June, 2006, petitioner was arrested in Bradford County, Pennsylvania, and

charged with multiple counts of child rape, child rape forcible compulsion,

involuntary deviate sexual intercourse with child, involuntary deviate sexual

intercourse forcible compulsion with child and corruption of minors.  (See

Electronic Docket No. CP-08-CR-0000355-2006 found at http://ujsportal,pacourts.us;

Doc. 9, at 5-24.)  In 2006 he was also charged with aggravated assault, simple

assault, recklessly endangering another person, resist arrest/other law enforcement,

and disarming law enforcement officer - without lawful authorization.  (See Electronic Docket No. CP-08-CR-0000363-2006 found at http://ujsportal,pacourts.us; Doc. 9, at 25-42.)

On December 11, 2006, he entered pleas of guilty to resisting arrest and corruption of minors and the sentencing hearing was scheduled for January 4, 2007. (Id.)  On January 4, 2007, he was sentenced to a term of imprisonment of two years and eleven months to seven years.  (Doc. 1, at 1.)  According to the electronic docket sheets, within days, he filed motions to modify his sentence, which were denied on January 11, 2007.  No direct appeal was filed.

After the passage of more than twenty months, on October 13, 2008, he filed a petition for post conviction collateral relief, which he titled "Motion to Correct Plea Agreement," pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  On March 26, 2009, he was directed to file an amended pleading on or before April 23, 2009.  An amended PCRA was filed on that date.  (Doc. 9, at 3.) On June 2, 2009, the PCRA was dismissed for lack of jurisdiction.  (Doc. 9, at 2.)

The instant petition was filed on March 16, 2011.  (Doc. 1.)

## II.   **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death

3

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

See 28 U.S.C. § 2244(d) (1).  A state prisoner requesting habeas corpus relief

pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant

part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has

expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced to a term of imprisonment of two years and eleven

months to seven years on January 4, 2007.  Motions to modify his sentence were

denied on January 11, 2007.  No direct appeal was filed.  His judgment therefore

became final thirty days later, on or about February 10, 2007, when his time for

appeal expired.  The one-year period for the statute of limitations commenced

running as of that date and expired on February 10, 2008.  Hence, the federal

petition, which was filed March 16, 2011, appears to be untimely.  However, the

4

Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On October 13, 2008, petitioner filed a petition for post conviction collateral relief, which he titled "Motion to Correct Plea Agreement," pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (" 'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (some internal quotations omitted), reh'g and reh'g en banc denied, 273 F.3d 1123 (11th Cir. 2001). The federal limitations period expired on February 10, 2008. The PCRA petition was not filed until October 13, 2008. Consequently, the PCRA failed to toll the federal statute.[1]

---

[1]    Further, petitioner's PCRA petition was dismissed on June 4, 2009, for lack of jurisdiction. PCRA petitions rejected by the state courts as untimely are not

### B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

---

a basis for statutory tolling.  See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed")

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic dockets reveals that petitioner failed to exercise reasonable diligence throughout the limitations period he seeks to toll. (Doc. 9, at 5-42.)  After his motion for modification of sentence was denied on January 11, 2007, he was completely idle until he filed a motion to correct the plea/plea agreement on October 3, 2008.  (Doc. 9, at 18, 32.)  Petitioner's almost twenty-one month delay in seeking collateral review of his conviction does not show

reasonable diligence.[2]  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV.   Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

_____

[2]Even if petitioner were able to establish that he was reasonably diligent, he fails to meet the extraordinary circumstances element in that he was not actively misled, he was not in some extraordinary way been prevented from asserting his rights, he did not timely assert his rights mistakenly in the wrong forum, and the court did not mislead him regarding the steps needed to take to preserve his claims.

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      July 29, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLINTON JAMES AYRES** | : | **CIVIL ACTION NO. 1:11-CV-0499** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT KENNETH R.** | : | |
| **CAMERON,** | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of July, 2011, upon consideration the petition for

writ of habeas corpus, and in accordance with the foregoing memorandum, it is

hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) pursuant to
    28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of
    limitations.  <u>See</u> 28 U.S.C. § 2244(d).

2.  There is no basis for the issuance of a certificate of appealability.
    28 U.S.C. § 2253(c).

3.  The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge